UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., ELSEVIER INC., MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 30 d/b/a ACESMALLS.COM, ACETXT.COM, AONSKY.COM, BESTBOOKZ.MYSHOPIFY.COM, BOOKFREELY.COM, BOOKSLITE.COM, COLLEGESCLASS.COM, DIGITTEXTBOOK.COM, DURANBOOK.COM, EBOOKAIR.COM, EBOOKBROS.COM, EBOOKDUCK.COM, EBOOKHUNTERS.COM, EBOOKMORE.COM, EBOOKOUR.COM, EBOOKSEC.COM, ELIBCENTER.COM, ELIBCLASS.COM, ETEXTBOOKO.COM, ETEXTWORLD.COM, GLOOMALL.COM, GREATBUYSMARKET.NET, INSTANT-READING.COM, LIBRASTYLES.COM, LIGHTSTUDENT.COM, MEGATEXT4U.COM, NOVEBAY.COM, PANTHEREBOOK.COM, TIMPLAZA.COM, and W3EBOOK.COM, <br><br> Defendants. | Civil Action No. <br><br> [PROPOSED] 1) TEMPORARY RESTRAINING ORDER; 2) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 3) EXPEDITED DISCOVERY ORDER; AND 4) ALTERNATE SERVICE ORDER ("EX PARTE ORDER") |

## EX PARTE ORDER

Plaintiffs Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning,

Cengage Learning, Inc., Elsevier Inc., McGraw-Hill Global Education Holdings, LLC, and

Pearson Education, Inc. (hereinafter, collectively, "Plaintiffs," and each a "Plaintiff") have moved

*ex parte*, pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), and N.Y. C.P.L.R. §§ 6201, *et al.*, against Defendants Does 1-30 d/b/a acesmalls.com, acetxt.com, aonsky.com, bestbookz.myshopify.com, bookfreely.com, bookslite.com, collegesclass.com, digittextbook.com, duranbook.com, ebookair.com, ebookbros.com, ebookduck.com, ebookhunters.com, ebookmore.com, ebookour.com, ebooksec.com, elibcenter.com, elibclass.com, etextbooko.com, etextworld.com, gloomall.com, greatbuysmarket.net, instant-reading.com, librastyles.com, lightstudent.com, megatext4u.com, novebay.com pantherebook.com, timplaza.com, and w3ebook.com (hereinafter, collectively, "Defendants," and each a "Defendant"), for: 1) a temporary restraining order, 2) order to show cause for preliminary injunction, 3) order authorizing expedited discovery, and 4) order authorizing alternate service by electronic mail (the "Application"). Plaintiffs so move the Court on the basis that Defendants are distributing, offering for sale, and/or selling unauthorized electronic copies of Plaintiffs' copyrighted textbooks, as set forth in Plaintiffs' Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations, and all other papers submitted therewith, makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS AND CONCLUSIONS OF LAW

1.     Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights in connection with Defendants' distribution, offering for sale, and/or sale of unauthorized electronic copies of Plaintiffs' copyrighted textbooks ("Infringing eBooks"), including via websites located at, *inter alia*, www.acesmalls.com, www.acetxt.com, www.aonsky.com, www.bestbookz.myshopify.com, www.bookfreely.com, www.bookslite.com, www.collegesclass.com, www.digittextbook.com,

www.duranbook.com, www.ebookair.com, www.ebookbros.com, www.ebookduck.com, www.ebookhunters.com, www.ebookmore.com, www.ebookour.com www.ebooksec.com, www.elibcenter.com, www.elibclass.com, www.etextbooko.com, www.etextworld.com, www.gloomall.com, www.greatbuysmarket.net, www.instant-reading.com, www.librastyles.com, www.lightstudent.com, www.megatext4u.com, www.novebay.com www.pantherebook.com, www.timplaza.com, and www.w3ebook.com (the "Infringing Sites" or "Sites").

2.      The distribution, offering for sale, and/or sale of pirated copies of Plaintiffs' textbooks will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

3.      The balance of potential harm to Defendants by being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the harm to Plaintiffs, their businesses, and the value associated with Plaintiffs' copyrights if a temporary restraining order is not issued.

4.      If Defendants are given notice of the Application, they are likely to secrete, conceal, transfer, or otherwise dispose of the proceeds from their sales of Infringing eBooks.

5.      Service on Defendants by electronic mail to the addresses used by Defendants to conduct the business on their Infringing Sites, including distributing the Infringing eBooks, is reasonably calculated to provide actual notice of Plaintiffs' claims to Defendants.

6.      Without the requested expedited discovery, Plaintiffs will not be able to determine the true identities and locations of Defendants and, ultimately, proceed with their claims and obtain any final relief to which they are entitled.

## ORDER TO SHOW CAUSE

Based on the foregoing, it is HEREBY ORDERED that Defendants shall appear on _December 2_ 2019, at _3:00_ ~~a.m.~~/p.m. in Courtroom _21 B_ of the United States District Court for the Southern District of New York at 500 Pearl Street / ~~40 Centre Street~~, New York, New York, to show cause why an order, pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), N.Y. C.P.L.R. §§ 6201, et al., and the Court's inherent equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs a preliminary injunction enjoining Defendants, their respective officers, agents, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of the order, in a manner substantially similar to the relief provided herein.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon Plaintiffs' counsel, by email to steve@oandzlaw.com, on or before _November 21_, 2019, and Plaintiffs' reply papers, if any, shall be filed and served on Defendants on or before _Nov. 27_ , 2019.

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), N.Y. C.P.L.R. §§ 6201, *et al.*, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order, are enjoined from:

    a) Directly or indirectly infringing any copyrighted work that is owned

or exclusively controlled by any of Plaintiffs ("Plaintiffs' Textbooks"), i.e., any copyrighted work published under any of the imprints identified on Exhibit A to the Complaint (attached hereto as Appendix A) (the "Imprints");

b) Copying, reproducing, downloading, distributing, uploading, transmitting, displaying, selling, advertising, or otherwise exploiting without authorization any of Plaintiffs' Textbooks;

c) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to copy, reproduce, download, distribute, upload, transmit, display, sell, advertise, or otherwise exploit without authorization any of Plaintiffs' Textbooks; and

d) Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the infringement of any of Plaintiffs' Textbooks.

2.      Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order shall not transfer ownership or control of the websites or domain names associated with Defendants' Infringing Sites without this Court's authorization.

3.      Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order, must immediately locate all accounts holding or receiving money or other assets owned, connected to, associated with, held by, or transferred in connection with Defendants' Infringing Sites or Defendants' sale of Plaintiffs' Textbooks ("Defendants' Accounts") and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts, and cease allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of pending further order of this Court. Defendants' Accounts include but are not limited to: (a) Defendants' accounts in connection with PayPal Inc., Stripe, Inc., Apple Pay, and other providers of payment processing services to the

Infringing Sites; and (b) Defendants' accounts with banks, financial institutions, or payment processing companies ("Financial Institutions") that have received money or other assets from Defendants' Accounts or otherwise received sales proceeds from Defendants or the Infringing Sites.

4.      Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them with actual notice of this Temporary Restraining Order, shall not begin or continue to operate any website or other e-commerce business that offers for sale, sells, or otherwise distributes electronic copies of textbooks, books, or journals without disclosing at least seven (7) days in advance to Plaintiffs' counsel, by email to steve@oandzlaw.com, the domain name, website location, and/or URL of such website or e-commerce business.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect for fourteen (14) days unless extended by order of the Court.

IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of $_____, by corporate surety bond, cash, credit card, or a certified or attorney's check.

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

## EXPEDITED DISCOVERY ORDER

Sufficient cause having been shown, IT IS HEREBY ORDERED that within two (2) days of receiving actual notice of this Ex Parte Order, any individual or entity providing services to Defendants' Infringing Sites, or to Defendants in connection with the reproduction, distribution,

6

downloading, storage, transmittal, sale, and/or advertisement for the sale of Plaintiffs' Textbooks, shall provide to Plaintiffs' counsel, via email to steve@oandzlaw.com, written disclosure of the following information, regardless of whether such information physically resides in the U.S. or abroad:

<ol type="a">
<li>All names, physical addresses, email addresses, and Internet Protocol ("IP") addresses associated with Defendants or the Infringing Sites;</li>
<li>Any other websites or domain names associated with or related to Defendants or the Infringing Sites, along with all names, physical addresses, email addresses, and IP addresses associated with such websites and/or domain names;</li>
<li>Account statements and/or details for Defendants' Accounts with Financial Institutions, including account balances, complete account numbers, and all names, physical addresses, email addresses, and IP addresses associated with Defendants' Accounts.</li>
</ol>

## ALTERNATE SERVICE ORDER

Sufficient cause having been shown, IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 4(f)(3) and N.Y. C.P.L.R. § 308, service of process may be made on and shall be deemed effective as to Defendants, by email to Defendants' email addresses associated with the Infringing Sites as identified in Appendix B hereto ("Defendants' Email Addresses").

IT IS FURTHER ORDERED that Plaintiffs may carry out alternate service of process as ordered herein by providing Defendants with a link to a File Transfer Protocol ("FTP") or other type of secure file-transmittal site to access .pdf copies of: 1) this Ex Parte Order; 2) the Summons and Complaint; and 3) all papers filed in support of Plaintiffs' Application.

IT IS FURTHER ORDERED that Plaintiffs shall provide notice of this Ex Parte Order and Plaintiffs' papers in support of the Application to Defendants' Email Addresses within three (3) days of disclosure of Defendants' Accounts with Financial Institutions as provided in the Expedited Discovery Order, but in no event later than ten (10) days from the date of this Ex Parte

Order.  Plaintiffs shall file proof of such service on the case docket within two (2) days of making

such service.

It is SO ORDERED this _13th_ day of November, 2019, at _6:15_ a.m./p.m.

_____
UNITED STATES DISTRICT JUDGE

Part I