UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., ELSEVIER INC., MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 30 d/b/a ACESMALLS.COM, ACETXT.COM, AONSKY.COM, BESTBOOKZ.MYSHOPIFY.COM, BOOKFREELY.COM, BOOKSLITE.COM, COLLEGESCLASS.COM, DIGITTEXTBOOK.COM, DURANBOOK.COM, EBOOKAIR.COM, EBOOKBROS.COM, EBOOKDUCK.COM, EBOOKHUNTERS.COM, EBOOKMORE.COM, EBOOKOUR.COM, EBOOKSEC.COM, ELIBCENTER.COM, ELIBCLASS.COM, ETEXTBOOKO.COM, ETEXTWORLD.COM, GLOOMALL.COM, GREATBUYSMARKET.NET, INSTANT-READING.COM, LIGHTSTUDENT.COM, MEGATEXT4U.COM, NOVEBAY.COM, PANTHEREBOOKS.COM, TIMPLAZA.COM, and W3EBOOK.COM, <br><br> Defendants. | Civil Action No. 19-CV-10524-LK |

1.

## [PROPOSED] PRELIMINARY INJUNCTION

Plaintiffs Bedford, Freeman & Worth Publishing Group, LLC d/b/a/ Macmillan Learning, Cengage Learning, Inc., Elsevier, Inc., McGraw-Hill Global Education Holdings, LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") have moved against Defendants Does 1-30 d/b/a acesmalls.com, acetxt.com, aonsky.com, bestbookz.myshopify.com, bookfreely.com,

bookslite.com, collegesclass.com, digittextbook.com, duranbook.com, ebookair.com, ebookbros.com, ebookduck.com, ebookhunters.com, ebookmore.com, ebookour.com, ebooksec.com, elibcenter.com, elibclass.com, etextbooko.com, etextworld.com, gloomall.com, greatbuysmarket.net, instant-reading.com, librastyles.com, lightstudent.com, megatext4u.com, novebay.com pantherebook.com, timplaza.com, and w3ebook.com (collectively, "Defendants") for a Preliminary Injunction pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), and N.Y. C.P.L.R. § 6201. Plaintiffs so move the Court on the basis that Defendants are reproducing and distributing, via illegal websites that Defendants operate, wholly unauthorized electronic copies of Plaintiffs' copyrighted textbooks ("Infringing eBooks").

The Court has carefully reviewed the Complaint, Plaintiffs' application filed on November 13, 2019, which includes its motion for an Order to Show Cause Why a Preliminary Injunction should not issue, and the entire record herein, and having held a hearing on the Order to Show Cause on December 10, 2019, hereby makes the following findings of fact and conclusions of law:

1. Plaintiffs have served Defendants with the Complaint and the Court's November 13, 2019 *Ex Parte* Order ("*Ex Parte* Order"), which includes a Temporary Restraining Order ("TRO") and an order authorizing expedited discovery and alternative service by electronic mail. *See* Declaration of Service of Process, ECF No. 6.

2. The Court has personal jurisdiction over Defendants under N.Y. C.P.L.R. § 302(a), including on the grounds that Defendants operate and sell the Infringing eBooks through highly interactive websites that are continuously accessible to New York consumers and/or have

sold eBooks to New York consumers, and Plaintiffs have been injured in New York by Defendants' infringing conduct.

3. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights by reproducing and distributing the Infringing eBooks to the public, including via websites located at, *inter alia,* acesmalls.com, acetxt.com, aonsky.com, bestbookz.myshopify.com, bookfreely.com, bookslite.com, collegesclass.com, digittextbook.com, duranbook.com, ebookair.com, ebookbros.com, ebookduck.com, ebookhunters.com, ebookmore.com, ebookour.com, ebooksec.com, elibcenter.com, elibclass.com, etextbooko.com, etextworld.com, gloomall.com, greatbuysmarket.net, instant-reading.com, librastyles.com, lightstudent.com, megatext4u.com, novebay.com pantherebook.com, timplaza.com, and w3ebook.com ("the Infringing Sites"). Such unauthorized reproduction and distribution constitutes infringement of the exclusive rights under copyright pursuant to 17 U.S.C. §§ 106(1) and 106(3).

4. The reproduction and distribution of the Infringing eBooks will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

5. The balance of potential harm to Defendants, if any, by being prevented from continuing to profit from their illegal and infringing activities if a Preliminary Injunction is issued is outweighed by the harm to Plaintiffs, their businesses, and the value associated with Plaintiffs' copyrights if a Preliminary Injunction is not issued.

6. Public interest favors issuance of a Preliminary Injunction in order to protect Plaintiffs' interests in and to their respective copyrights and to protect the public from being deceived by Defendants' sale of unauthorized Infringing eBooks.

NOW, THEREFORE, IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), and N.Y. C.P.L.R. § 6201, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief that:

1. Defendants, their officers, agents, employees, and attorneys, and all those in active concert or in participation with any of them who receive actual notice of this Preliminary Injunction, are enjoined from:

   a) Directly or indirectly infringing any copyrighted work that is owned or controlled by any of Plaintiffs ("Plaintiffs' Textbooks"), i.e., any copyrighted work published under any of the imprints identified on Exhibit A to the Complaint;

   b) Copying, reproducing, downloading, distributing, uploading, transmitting, displaying, selling, advertising, or otherwise exploiting without authorization any of Plaintiffs' Textbooks;

   c) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to copy, reproduce, download, distribute, upload, transmit, display, sell, advertise, or otherwise exploit without authorization any of Plaintiffs' Textbooks; and

   d) Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the infringement of any of Plaintiffs' Textbooks.

2. Defendants, their officers, agents, employees, and attorneys, and all those in

active concert or in participation with any of them who receive actual notice of this Preliminary Injunction, shall not transfer ownership or control of the websites or domain names associated with Defendants' Infringing Sites without this Court's authorization.

3. Defendants, their officers, agents, employees, successors, and attorneys, and all those acting in concert or participation with any of them who receive actual notice of this Preliminary Injunction, must immediately locate all accounts holding or receiving money or other assets owned, connected to, associated with, held by, or transferred in connection with Defendants' Infringing Sites or Defendants' sale of Plaintiffs' Textbooks ("Defendants' Accounts") and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' accounts, and cease allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of pending further order of this Court. Defendants' Accounts include but are not limited to: (a) Defendants' Accounts in connection with PayPal Inc., Stripe, Inc., Apple Pay, SagePay, and Payoneer Inc., and other providers of payment processing services to the Infringing Sites; and (b) Defendants' accounts with banks, financial institutions, or payment processing companies that have received money or other assets from Defendants' Accounts or otherwise received sales proceeds from Defendants or the Infringing Sites.

4. Defendants, their officers, agents, employees, successors, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Preliminary Injunction, shall not begin or continue to operate any website or other e-commerce business that offers for sale, sells, or otherwise reproduces or distributes electronic copies of textbooks, books, or journals without disclosing at least seven (7) days in advance to Plaintiffs' counsel, by email to steve@oandzlaw.com, the domain name, website location, and/or URL of

such website or e-commerce business.

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect until final resolution of this case, unless otherwise ordered by this Court.

IT IS FURTHER ORDERED that service of this Preliminary Injunction shall be made, in accordance with the Alternative Service Order, within two (2) business days of this Order by email to the Defendants' email addresses associated with the Infringing Sites as identified in Exhibit B to the Complaint.

SO ORDERED.

DATED: December _10_, 2019

New York, New York

Corrected at 4:48pm

_____
Judge Lewis A. Kaplan

UNITED STATES DISTRICT JUDGE

such website or e-commerce business.

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect until final resolution of this case, unless otherwise ordered by this Court.

IT IS FURTHER ORDERED that service of this Preliminary Injunction shall be made, in accordance with the Alternative Service Order, within two (2) business days of this Order by email to the Defendants' email addresses associated with the Infringing Sites as identified in Exhibit B to the Complaint.

SO ORDERED.

DATED: December _10_, 2019

New York, New York

Corrected at 4:48pm

_____
Judge Lewis A. Kaplan

UNITED STATES DISTRICT JUDGE