UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., ELSEVIER INC., MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRUNG KIEN NGUYEN, DUY ANH NGUYEN, DUONG THI BAY, XUAN CHINH NGUYEN, TUAN ANH NGUYEN, VINH NGOC NGUYEN, LE TRANG, VAN QUYNH PHAM, THI LIEN PHUONG NGUYEN, VAN TUAN DANG, HIEN VO VAN, QUANG NGUYEN, VU NGUYEN KHANG, GINGER BOTTORFF, SHERRY FLOYD, JESSICA GOLDBERG, MAXIM GUBCEAC, KELLI LANE, TRACEY LUM, RODNEY MOUZONE, ZAINEE JALLAL, BIN LI, PAN PAN CAO, MICHAEL MCEVILLEY, ION SOBOL, ANTHONY TORRESI, HASEEB ANJUM, WALESKA CAMACHO, ANJUM AKHTER, SUSAN RAGON, ALIFF SYUKRI HAMDAN, KIM HAI LONG, KHUYEN NGUYEN, ERIKA DEMETEROVA, ROSTISLAV ZHURAVSKIY, STEFAN DEMETER, SHAHBAZ HAIDER, VALENTINA RODRIGUEZ, and CHANTELLE MELENDEZ, <br><br> Defendants. | Civil Action No. 19-cv-10524-LAK |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs Bedford, Freeman & Worth

Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., Elsevier Inc., McGraw Hill LLC,[1] and Pearson Education, Inc. (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby respectfully submit this memorandum of law in support of their Motion to Amend the Complaint. A proposed First Amended Complaint is attached as Exhibit 1 to Plaintiffs' motion ("Amended Complaint"). Based on the expedited discovery that has occurred to date, the Amended Complaint identifies the true names of Defendants named as "Does" in the original Complaint. The Amended Complaint also supplements and clarifies factual allegations based on information that has been obtained in discovery thus far. Under the applicable legal standard for motions to amend, as discussed below, good cause exists to amend the Complaint, and Plaintiffs' motion should be granted.

## I. BACKGROUND

This case arises out Defendants' extensive violations of Plaintiffs' rights under the federal copyright laws through their reproduction and distribution of pirated, electronic copies of Plaintiffs' copyrighted textbooks ("Infringing eBooks") via wholly illegal online bookstores ("Infringing Sites"). Defendants rely on a Google advertising programs to offer consumers searching for Plaintiffs' textbooks inexpensive and illegitimate copies of those textbooks. Defendants' paid advertising for their Infringing eBooks are displayed prominently at the top of Google search results and lure consumers away from legitimate sources of textbooks.

Plaintiffs initiated this case on November 13, 2019 against a number of Doe defendants because Defendants do not indicate their true identities on their Infringing Sites. Therefore, their identities were then unknown to Plaintiffs. Plaintiffs requested, and the Court granted Plaintiffs

---

[1] On January 1, 2020, McGraw Hill LLC became the successor in interest to McGraw-Hill Global Education Holdings, LLC.

permission, to engage in limited, expedited discovery, including to acquire information to identify Defendants' names and locations. *See* ECF 3, 13. Plaintiffs issued subpoenas to entities providing services to Defendants' Infringing Sites, including, but not limited to, Google, financial institutions, payment processors, domain hosts, and domain registrars. The subpoena responses, as well as information received from certain Defendants, enabled Plaintiffs to identify the individuals operating the Infringing Sites. The responses also led Plaintiffs to a list of additional sites that Defendants own and/or operate ("Associated Sites"). Accordingly, Exhibit A to the Amended Complaint contains a table listing the Defendants' names, aliases, email addresses, and Infringing Sites, including Associated Sites.

**II. ARGUMENT**

Rule 15(a) provides that the "Court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that, in the absence of any apparent or declared reason, leave to amend should be freely given as the rules require). Plaintiffs' proposed amendment easily satisfies this liberal standard. As such, Plaintiffs "ought to be afforded the opportunity to test [their claims] on the merits" as against the proper defendants. *See Foman*, 371 U.S. at 182.

Plaintiffs' original Complaint identifies, and asserts claims based on, a number of Infringing Sites through which Defendants sell pirated copies of Plaintiffs' copyrights textbooks. With the subpoena responses, Plaintiffs have identified the names of those operating the Infringing Sites. Moreover, Plaintiffs have been able to link certain Defendants to additional sites and/or additional sales of pirated textbooks, as set forth in the Amended Complaint.

The *Foman* Court explained that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

3

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." – leave to amend "should, as the rules require, be 'freely given.'" 371 U.S. at 182. Plaintiffs' motion is timely in the overall procedural context of this case. The parties have not begun merits discovery outside of the limited discovery permitted on an expedited basis, no initial conference has been scheduled, and no Case Management Order has been issued. Moreover, due to the extensive nature of Defendants' infringing operations, and the fact that they actively conceal their true identities from consumers, the process of determining the Defendants' identities and locations was time consuming. In sum, there has been no undue delay on Plaintiffs' part, and Defendants will not be prejudiced by the amendment.

Furthermore, for the reasons explained above, there is good cause for the amendment in that identifying the true Defendants in the case and supplementing the factual allegations based on information gleaned from expedited discovery will facilitate the ultimate determination of Plaintiffs' claims. Moreover, there can be no issue of futility, as the reproduction and distribution of an unauthorized, pirated copy of a copyrighted work is an unquestionable violation of the Copyright Act. *See* 17 U.S.C. § 106(3).

**III. CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Amend the Complaint.

Dated: May 21, 2020

> Respectfully submitted,
>
> By: */s/ Matthew I. Fleischman*
>
> Matthew J. Oppenheim
> Michele H. Murphy (*pro hac vice*)
> Matthew I. Fleischman
> Vivian E. Kim
>
> OPPENHEIM + ZEBRAK, LLP
> 4530 Wisconsin Ave, NW
> Fifth Floor
> Washington, D.C. 10016
> (202) 480-2999
> matt@oandzlaw.com
> michele@oandzlaw.com
> fleischman@oandzlaw.com
> vivian@oandzlaw.com
>
> *Attorneys for Plaintiffs*