## MEMO ENDORSED

**O+Z** | Oppenheim + Zebrak, LLP



Matthew I. Fleischman
4530 Wisconsin Avenue, NW
Fifth Floor
Washington, DC 20016
202.480.2965
Fleischman@oandzlaw.com

May 17, 2021

**VIA ECF**

The Honorable Judge Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning et al. v. Trung Kien Nguyen et al.*, S.D.N.Y. Case No. 19-cv-10524-LAK

Dear Judge Kaplan:

We represent Plaintiffs Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., Elsevier Inc., McGraw Hill LLC, formerly McGraw-Hill Global Education Holdings, LLC,[1] and Pearson Education, Inc. ("Plaintiffs") in the above-referenced action. In accordance with Standing Order 19-MC-583, Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, and the Court's Individual Rules & Practices in Civil Cases, Plaintiffs seek leave to file under seal Plaintiffs' Proposed Default Judgment and Permanent Injunction Order and Exhibits to the Declaration of Matthew I. Fleischman, Dung Phan, and Leesha Murphy ("Sealed Documents"). Plaintiffs will also file redacted versions of the Sealed Documents on ECF, which will include all of the contents except Defendants' financial account numbers, as described below.

Plaintiffs' sealing request should be granted because the Sealed Documents contain Defendants' full financial account numbers. Federal Rule of Civil Procedure 5.2(a)(4) mandates that, unless the Court orders otherwise, financial account numbers should be redacted. In addition to redacted versions of the Sealed Documents, Plaintiffs seek to file under seal unredacted versions to ensure that, if granted, there is a version of the Court's order that contains the full account numbers, which financial institutions need to identify the relevant accounts.

---

[1] On January 1, 2020, McGraw Hill LLC became the successor in interest to McGraw-Hill Global Education Holdings, LLC.

Based on the above, the continuum that the Court applies, and the balancing of interests, Plaintiffs have overcome the presumption of a public filing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Indeed, the only information that will be withheld from the public consists of Defendants' financial account numbers. This, by its nature, is private information as to the account holder, and is not the type of information that, if sealed, will impact the judicial process or deprive the public of needed information. *See id.*

Plaintiffs are aware that, absent an order granting this sealing request, the Sealed Documents will become public.

Thank you for the Court's consideration of this request.

Sincerely,

*/s/ Matthew I. Fleischman*
Matthew I. Fleischman

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ
5/18/21